IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vicky S. Young, | ) | Civil Action No. 3:09-cv-01676-JMC |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of the Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

        This matter is before the court for a review of the Magistrate Judge's Report and

Recommendation [Entry #30], filed on September 2, 2010, addressing Plaintiff's application for

disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), 42

U.S.C. § 401-33.  The Administrative Law Judge ("ALJ") of the Social Security Administration

issued a decision finding that Plaintiff is not disabled within the meaning of the Act and thus not

entitled to benefits.  The Magistrate Judge's Report and Recommendation concludes that the ALJ's

decision to deny benefits is "not supported by substantial evidence and correct under correct law."

Therefore, the Magistrate Judge recommends that this action be reversed and remanded to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action.

More specifically, the Magistrate Judge recommends that the Commissioner further consider

whether Plaintiff met or equaled Listing 1.04A, properly evaluate the opinion of Plaintiff's treating

physicians, and determine whether Plaintiff can perform her past relevant work.  The Magistrate

Judge reasoned that it is unclear whether the ALJ considered Plaintiff's physical limitations and abilities under Listing 1.04A such that she could have been found disabled at step three of the sequential evaluation process outlined in 20 C.F.R. § 404.152; there is objective medical evidence in the record which may support the findings of Plaintiff's treating physicians and which are generally entitled to more weight; and the ALJ did not discuss adequately the physical and mental demands of Plaintiff's past jobs/occupations in relation to her limitations. Given these omissions from the ALJ's decision, the Magistrate Judge concluded that he could not conduct a proper review of the record to determine if there was substantial evidence in the record to support the ALJ's finding that Plaintiff is not disabled. The Report and Recommendation sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Commissioner timely filed objections to the Magistrate Judge's Report and Recommendation [Entry #32]. In his objections, the Commissioner asserts that the Magistrate Judge erred in his determination that the Commissioner's decision is not supported by substantial evidence

or that the ALJ did not sufficiently support his findings as to the listing analysis, Plaintiff's treating physicians' medical opinions, and Plaintiff's past relevant work. The court finds that the Magistrate Judge performed a thorough analysis of the record and cited to many instances in which the ALJ did not explain sufficiently his findings and conclusions from the medical sources.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Entry #30] and incorporates it herein. It is therefore **ORDERED** that the Commissioner's decision is reversed and remanded in accordance with 42 U.S.C. § 405(g) (providing that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
September 23, 2010