IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Vickie S. Young, ) | |
| ) | C.A. No. 3:09-cv-01676-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court upon Plaintiff's Petition for Fees Under the Equal Access to Justice Act ("EAJA") [Doc. 35], 28 U.S.C. § 2412(d). The Commissioner opposes the petition on the ground that his position in this case was substantially justified.

      "A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). The government has the burden of demonstrating substantial justification in both fact and law. *Id.* "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). The standard requires more from the government than a showing of lack of frivolity. *See Pierce v. Underwood*, 487 U.S. 552 (1988). However, the government's position may be justified even though it is incorrect and may be substantially justified if a reasonable person could believe the government's position was appropriate. *Id.* at 566 n. 2.

1

In this case, Plaintiff alleged disability due to acute respiratory distress syndrome ("ARDS"), a blood clot, arthritis, post traumatic stress syndrome ("PTSS") anxiety, joint pain, and partial loss of mobility. Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). The ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to benefits. Plaintiff argued, in part, that the Commissioner failed to consider whether Plaintiff met or equaled Listing 1.04A. The Commissioner argued that the ALJ adequately considered and summarized the evidence. The court reversed and remanded the case for further proceedings because the ALJ did not sufficiently support his findings as to the listing analysis, Plaintiff's treating physicians' medical opinions, and Plaintiff's past relevant work.

Having considered the record, the court finds that the Commissioner's position was not substantially justified. The Court of Appeals for the Fourth Circuit has found that it is incumbent upon the ALJ to make an explicit listing analysis of any severe impairment to facilitate review by this court. *See, e.g., Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986). The ALJ did not provide the required analysis in this case. Therefore, the Commissioner's position is not substantially justified at law. *See e.g., Harmon v. Astrue*, C.A. No. 9:09-cv-01964-DCN-BM, 2011 WL 2623346 (D.S.C. July 5, 2011) (finding that the Commissioner's position was not substantially justified where the ALJ failed to conduct a proper listing analysis, among other errors).

Therefore, Plaintiff's Petition for Fees Under the Equal Access to Justice Act [Doc. 35] is

**GRANTED**.  Plaintiff is awarded $5,289.89 in attorneys fees and $23.00 in costs and expenses.[1]


**IT IS SO ORDERED.**

                                                      s/ J. Michelle Childs
                                                     United States District Judge

Greenville, South Carolina
August 22, 2011

---

[1] The Commissioner has indicated that he would not object to an award of $3,983.87 in attorney fees and $15.87 in expenses.  However, the Commissioner did not provide any basis for a reduction in Plaintiff's request for fees at a rate which was reasonable in light of the issues raised in the case, the amount of time spent on the case, and other fees previously awarded in this district.